United States District Court
Southern District of Texas
**ENTERED**
May 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE YOW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00166 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Christopher Lee Yow is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Stiles Unit in Beaumont, Texas. Proceeding *pro se*, Yow filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 2, 2021.[1] (D.E. 1). In four claims, Yow contends that his due process and equal protection rights were violated, that the indictment in his case was fraudulently obtained, and that he has obtained new evidence of violations of his constitutional rights. (D.E. 1 at 6-7, 18-25). Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely. (D.E. 16). Yow has responded by filing a document entitled "Petition for Review," but does not directly address the timeliness issue. (D.E. 18). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary

---

[1] Yow stated under penalty of perjury that he placed his petition in the prison mail system on August 2, 2021, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

judgment be granted and Yow's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

## I.   JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Yow was convicted in Kleberg County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

### a.   Petition and Claims

In his petition, Yow argues that: (1) his due process and equal protection rights were violated when the trial court tried, convicted, and sentenced him without the return of a grand jury indictment; (2) his due process and equal protection rights were violated through prosecutorial misconduct because there is no record that the petitioner's case was presented to a grand jury and the State failed to disclose all material requested through the Open Records Act; (3) the District Attorney placed a fraudulent indictment before the court; and (4) new evidence shows that Article 19.06 of the Texas Code of Criminal Procedure was unconstitutionally applied by county commissioners in violation of the 6th, 14th Amendments and the grand jury did not represent a fair cross section of the community. (D.E. 1 at 6-7, 18-25).

### b.   State Court Records

In July 1999, Yow was charged in a one-count indictment with murder. (D.E. 15-1 at 5-6). In September 1999, Yow was found guilty of murder after a jury trial and was

sentenced by the jury to serve eighty (80) years in the custody of the Texas Department of Criminal Justice. (*Id.* at 79, 87).

On direct appeal, Yow argued that he was denied a fair and impartial trial, complained of the supplemental jury charge, and submitted that he was denied effective assistance of counsel. (D.E. 15-14 at 4-5). On December 6, 2001, the Thirteenth District Court of Appeals of Texas affirmed the judgment. (D.E. 15-16 & 15-17).

Yow filed a petition for discretionary review ("PDR") on April 9, 2002. (D.E. 15-22). In the PDR, Yow raised six issues: (1) the Court of Appeals erred by failing to properly apply the appropriate standard of review and improperly applied the harmless error rule; (2) the Court of Appeals erred in failing to find reversible error in the state's violation of the trial court's discovery order and the subsequent denial of appellants' constitutional right to a fair trial with effective assistance of counsel; (3) the Court of Appeals erred in not considering all the relevant evidence; (4) the Court of Appeals erred in applying a harmless error analysis; (5) the Court of Appeals erred in concluding appellants waived error; and (6) in affirming the submission of the supplemental charge, the Court of Appeals erred in its interpretation of Art. 36.16 of the Texas Code of Criminal Procedure and failed to take into consideration Court of Criminal Appeals' decisions to the contrary. (*Id.*). The PDR was refused by the Texas Court of Criminal Appeals ("TCCA") on June 5, 2002. (D.E. 15-23).

3

On May 12, 2003,[2] Yow filed his first application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 15-38 at 32-134). He raised the following claims: (1) he was actually innocent of the offense for which he was convicted; (2) the prosecution violated the *Brady* doctrine when it withheld exculpatory evidence; (3) the trial court abused its discretion when it allowed the admission of supplemental physical evidence by the prosecution; and (4) trial counsel was ineffective for failing to properly *voir dire* the jury on the law of parties, explore visible bias, failing to present alibi witnesses, failing to object to the supplemental charge of use or exhibition of a deadly weapon, and failing to object to the jury charge. (*Id.*). On September 24, 2003, the TCCA denied the Article 11.07 application without written order on the findings of the trial court. (*Id.* at 1).

In October 2020, Yow filed a second Article 11.07 application, claiming that his trial counsel was ineffective by failing to move to quash the indictment. (D.E. 15-43 at 13-92). On March 17, 2021, the TCCA dismissed the application as a subsequent application. (D.E. 15-39).

## III.  DISCUSSION

In the motion for summary judgment, Respondent contends that Yow's claims are barred by the statute of limitations. (D.E. 16 at 7, 10-16). Specifically, Respondent argues that the judgment became final on September 3, 2002, ninety (90) days after the TCCA refused his PDR, and Yow was accordingly required to file his § 2254 petition by

---

[2] Yow dated the filing May 12, 2003. (D.E. 15-38 at 40).

September 3, 2003. (*Id.* at 12). Respondent contends that Yow's first Article 11.07 application tolled the limitations period for 136 days, extending his deadline to January 19, 2004. (*Id.*). However, Respondent contends that Yow is not entitled to any other statutory or equitable tolling, meaning that his application was over 17 years late. (*Id.* at 12-23).

Yow has not directly responded to the issue of limitations. Instead, in his construed response, Yow argues only the claims regarding newly discovered evidence and due process violations. (D.E. 18).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a). Where a petitioner has sought review by the state's highest court, a conviction becomes final 90 days after her claim is rejected, when the time to file a petition

for a writ of *certiorari* with the Supreme Court has expired.  *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period.  28 U.S.C. § 2244(d)(2).  A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2).  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way.  *Id.* at 649.  Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights.  *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).  A standard claim of excusable neglect is insufficient.  *Id.*  Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner.  *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).  The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify.  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Yow's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling.  His conviction became final at the expiration of ninety (90) days after the TCCA refused his PDR on June 5, 2002, and his § 2254 petition was due one year later.  *Roberts*, 319 F.3d at 693-95.  His first Article 11.07 application tolled the limitations period for the 136 days it was pending, extending Yow's deadline

6

until January 19, 2004.  28 U.S.C. § 2244(d)(2).  Yow did not file his petition until August 2021, over 17 years later.  (D.E. 1).  Yow is not entitled to statutory tolling for his second application because it was filed after the expiration of the limitations period.  *Scott*, 227 F.3d at 263.  Although Yow argues that his claim is based on newly-discovered evidence regarding the grand jury, he has not shown that he could not have discovered the factual predicate of his claim sooner through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Yow attached a letter that he sent to the Kleberg County District Attorney's Office on March 3, 2020, seeking records regarding the grand jury proceedings. (D.E. 1-1 at 9-11).  However, this letter was sent 16 years after the expiration of the limitations period.

Finally, Yow has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier.  *Holland*, 560 U.S. at 649.  In particular, Yow has not explained what circumstance resulted in him filing his petition more than 17 years after the expiration of the limitations period, particularly where he was able to previously file state petitions.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Yow has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Yow's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 16) be **GRANTED**. Yow's § 2254 petition should be **DISMISSED** as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be **DENIED**.

Respectfully submitted on April 29, 2022.

Julie K. Hampton
United States Magistrate Judge

8

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).