United States District Court
Southern District of Texas

**ENTERED**

July 11, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE YOW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00166 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 16). On April 29, 2022, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 20), recommending that Respondent's motion be granted, Yow's habeas corpus action be dismissed, and a certificate of appealability be denied. Yow timely filed his objections (D.E. 23) on May 24, 2022, after obtaining an order extending his deadline. D.E. 22.

First, Yow purports to collectively incorporate by reference or merely repeat his arguments made prior to the Magistrate Judge's issuance of the M&R, focusing on the merits of his arguments—matters not reached by the analysis in the M&R. Because such a presentation does not point out with particularity any error in the Magistrate Judge's analysis with respect to limitations, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993)

(finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition).   Because these arguments are not sufficient to invoke review and do not address the basis for the Magistrate Judge's recommendation, the first collective objection is **OVERRULED**.

Second, Yow objects that, because Respondent did not defeat each and every claim he made, the claims must be deemed true and he must prevail.  Yow fails to understand that any review of the merits requires that he first satisfy the limitations bar and that the burden of proof in any event is on him, not Respondent.  *Williford v. Estelle*, 672 F.2d 552, 555 (5th Cir. 1982).  The second objection is **OVERRULED**.

Third, Yow objects that the Antiterrorism and Effective Death Penalty Act (AEDPA) is unconstitutional.  However, he does not explain the legal basis for this argument.  A conclusory argument unsupported by legal briefing does not raise an issue for adjudication in a habeas action.  *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996).  Instead, it is waived.  *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002).  The third objection is therefore **OVERRULED**.

Fourth, Yow further argues that he is not subject to the AEDPA, which establishes the deadlines for his action, because he was not convicted of a terrorist offense and was not sentenced to death.  This argument is based solely on the title of the act that implemented, among other things, the limitations provisions that bar his action.  The act applies to "a person in custody pursuant to the judgment of a State court."  28 U.S.C. §§ 2244(d)(1), 2254.  It is not limited to persons convicted of

terrorism or subject to a sentence of death.  The fourth objection is **OVERRULED**.

Fifth, Yow objects to any dismissal on the basis of untimeliness because he is challenging the state trial court's jurisdiction to convict him on criminal charges that were not supported by a proper grand jury indictment, making his conviction void.  He argues that a jurisdictional challenge may be brought at any time and is not subject to the limitations applicable to habeas actions.  He further argues that the evidence that he now has to support his jurisdictional challenge could not have been obtained prior to his conviction or within the limitations deadlines because it was in the hands of the Kleberg County District Attorney.

The Magistrate Judge noted that Yow was convicted on a one-count indictment for murder.  D.E. 20, p. 2 (citing D.E. 15-1, pp. 5-6).  And he did not seek any evidence to challenge the propriety of the indictment until March 3, 2020, more than sixteen (16) years after his conviction became final and his limitations period expired—negating any claim of due diligence.  D.E. 20, p. 7.  Yow does not address this finding or the conclusion that Yow failed to show himself entitled to equitable tolling.  The objection is therefore waived.

"Although a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself." *LeBleu v. Quarterman*, No. CIV.A. H-08-2982, 2009 WL 2253233, at *3 (S.D. Tex. July 27, 2009); *see also Franklin v. Polk*, No. 3:21-CV-1626-E-BH, 2021

WL 3625071, at *4 (N.D. Tex. July 21, 2021), *report and recommendation adopted*, No. 3:21-CV-1626-E-BH, 2021 WL 3618007 (N.D. Tex. Aug. 13, 2021); *Cox v. Davis*, No. 4:16-CV-767-O, 2018 WL 2764830, at *3 (N.D. Tex. June 8, 2018); *Henson v. Thaler*, No. 4:12-CV-759-Y, 2013 WL 1286214, at *2 (N.D. Tex. Mar. 8, 2013), *report and recommendation adopted*, No. 4:12-CV-759-Y, 2013 WL 1286210 (N.D. Tex. Mar. 27, 2013); *Preston v. Thaler*, No. CIV.A H-10-1647, 2010 WL 3339225, at *3 (S.D. Tex. Aug. 23, 2010); *Sherman v. Thaler*, No. CIV.A. H-09-1409, 2010 WL 1994348, at *2 (S.D. Tex. May 17, 2010); *Helm v. Quarterman*, No. 3-08-CV-0285-M, 2008 WL 2757150, at *3 (N.D. Tex. July 15, 2008).

The Supreme Court has noted that federal courts, as courts of limited jurisdiction, cannot use the writ of habeas corpus as plenary power to correct arguably unconstitutional state court convictions outside the parameters of AEDPA. *Brown v. Davenport*, 142 S. Ct. 1510, 1522 n.2 (2022). AEDPA imposes the limitations bar as set forth in the Magistrate Judge's analysis and recommendation. The fifth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner Yow's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Yow's objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge.  Accordingly, Respondent's motion for summary

judgment (D.E. 16) is **GRANTED** and this action is **DISMISSED** as untimely.  In the

event that Petitioner seeks a certificate of appealability, that request is **DENIED**.

ORDERED on July 11, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE